UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIA ACOSTA,

      Plaintiff,

v.                                                         Case No: 6:12-cv-985-Orl-28KRS

NOVAMED SURGERY CENTER OF
ORLANDO, LLC, NOVAMED
MANAGEMENT SERVICES, LLC and
NOVAMED, INC.,

      Defendants.

## ORDER

Plaintiff, Mary Acosta, sues Defendants, Novamed Surgery Center of Orlando, LLC, Novamed Management Services, LLC, and Novamed, Inc., alleging state and federal employment law claims of sexual harassment, national origin discrimination, disability discrimination, retaliation, violations of the Family Medical Leave Act,[1] violations of the Fair Labor Standards Act,[2] and defamation. (Am. Compl., Doc. 26). This case is currently before the Court on Defendants' Motion to Strike Expert Report and to Exclude Testimony and Opinions of Joyce H. Eastridge. (Doc. 42). Defendants argue that the Court should strike Ms. Eastridge's expert report because it does not meet the requirements of the Federal Rules of Civil Procedure or the standard for admissibility under the Federal Rules of Evidence.

---

[1] 29 U.S.C. § 2601 et seq.

[2] 29 U.S.C. § 201 et seq.

I.  Background

The parties agree that Plaintiff served Defendants with an expert report prepared by Ms. Eastridge regarding damages in the form of front pay and back pay on November 1, 2013, the date the report was due.[3] (Doc. 42 at 2-3; Doc. 43 at 1). The parties also agree that the report did not contain a list of Ms. Eastridge's qualifications, a list of cases in which Ms. Eastridge has testified as an expert, or a statement of compensation of Ms. Eastridge for this case as required by Federal Rule of Civil Procedure 26. (Doc. 42 at 3; Doc. 43 at 1). Plaintiff argues that these documents were "inadvertently omitted from the original disclosure," (Doc. 43 at 1), but notably Plaintiff did not promptly include all of this information when notified of the omission. Defendants emailed Plaintiff regarding the omissions on December 17, 2013. (Doc. 42 at 34-35). Plaintiff responded with Ms. Eastridge's resume on that day, (id. at 37-41), but did not respond with a statement of compensation or a list of cases[4] until January 10, 2014, (id. at 43). Finally, on January 14, 2014, Plaintiff sent a letter to Defendants that listed the documents that Ms. Eastridge relied on in forming her opinions and stated that all exhibits that would be used were included in the expert report. (Doc. 42 at 47-62).

---

[3] Under the terms of the original Case Management and Scheduling Order, Plaintiff was required to disclose any expert witnesses' reports by October 1, 2013. (Doc. 20 at 1). That Order provided that "[o]n or before the date set forth . . . for the disclosure of expert reports, the party shall fully comply with Federal Rule of Civil Procedure 26(a)(2) and 26(e). . . . Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness." (Id. at 3). The Court subsequently granted the parties' joint motion to extend time to disclose expert reports and ordered that Plaintiff's expert report was due on November 1, 2013. (Doc. 35).

[4] Defendants' motion and Plaintiff's communication from January 10 indicate that Plaintiff sent the list of cases with that email, (Doc. 42 at 4 & 43), but the list is not in the documentation attached to Defendants' motion. Nevertheless, Plaintiff attached the list of cases to her response to the motion filed with the Court. (Doc. 43-1).

2

Ms. Eastridge's expert report includes a list of Plaintiff's pay history with Defendants, a chart of Plaintiff's pay rate changes, and a basic list of benefits Plaintiff received through her employment with Defendants. (Id. at 21-23). It also includes Ms. Eastridge's projections regarding Plaintiff's interim employment and earnings, unpaid overtime, prejudgment interest calculations, and back pay and front pay to which Plaintiff is allegedly entitled. (Id. at 23-32). Most of the information included in the report is in the form of charts in which Ms. Eastridge purports to have calculated damages. The report itself does not state how Ms. Eastridge calculated the amount of unpaid overtime or even how she determined Plaintiff's pay history with Defendants, but subsequent emails from Plaintiff's counsel provide a list of documents that Ms. Eastridge considered in forming her opinions. (Id. at 47-49).

## II.     Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26 governs the disclosure of expert reports and provides for mandatory disclosure of the identity of any expert witnesses. Fed. R. Civ. P. 26(a)(2)(A). If the witness is retained specifically to provide expert testimony, disclosure of the expert witness "must be accompanied by a written report." Fed. R. Civ. P. 26(a)(2)(B). The expert witness's report must contain: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P.

26(a)(2)(B). Rule 26 also requires "[a] party who has made a disclosure under Rule 26(a) . . . [to] supplement or correct its disclosure or response . . . in a timely manner." Fed. R. Civ. P. 26(e)(1).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37 provides, however, that the Court on motion can give alternative sanctions, including ordering payment of the expenses caused by the party's failure to comply with Rule 26 or informing the jury about the failure. Id.

Defendants argue that Ms. Eastridge's expert report does not comply with the requirements of Rule 26. Plaintiff did fail to include with the expert report the facts or data considered by Ms. Eastridge, Ms. Eastridge's qualifications, a list of other cases during which Ms. Eastridge testified, and a statement of compensation, but the Court finds that its failure to do so was harmless. The information required by Rule 26 was eventually disclosed to Defendants[5] within sufficient time for Defendants to prepare for cross-examination of Ms. Eastridge at trial. Moreover, Defendants do not argue that they were

---

[5] Defendants assert that these eventual disclosures were insufficient under Rule 26 as well. They argue that the statement of compensation does not qualify under Rule 26 because it is a general fee schedule, not a statement of compensation specific to this case. (Doc. 42 at 4). The Court finds, however, that the fee schedule submitted by Plaintiff is a sufficient statement of compensation.
Defendants also argue that the list of documents that Plaintiff says Ms. Eastridge relied on is insufficient because "Plaintiff's counsel provided no indication as to how or for what purpose Ms. Eastridge allegedly relied upon any of the documents listed." (Id. at 4). Under the plain language of Rule 26, however, a report must only include the facts or data considered by the witness.

harmed by Plaintiff's failure to comply with Rule 26. Accordingly, Defendants' motion to strike on the basis of Rule 26 violations must be denied. The Court will reserve ruling on whether alternative sanctions under Rule 37 are warranted.

### III. Federal Rule of Evidence 702

Federal Rule of Evidence 702 governs expert testimony and provides that if a witness is qualified as an expert, the witness can provide opinion testimony if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Scientific expert testimony must be both relevant and reliable. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993).

Trial courts function as gatekeepers with regard to the admission of expert evidence. United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004). "District courts are charged with this gatekeeping function 'to ensure that speculative, unreliable expert testimony does not reach the jury' under the mantle of reliability that accompanies the appellation 'expert testimony.'" Rink v. Cheminova, Inc., 400 F.3d 1286, 1291 (11th Cir. 2005) (quoting McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002)). Trial courts are given substantial discretion in undertaking this role. Id. The proponent of the opinion testimony has the burden of establishing each precondition to admissibility by a preponderance of the evidence. Id. at 1292.

Defendants argue that Ms. Eastridge's expert report is inadmissible under Rule 702 and Daubert because Ms. Eastridge renders legal opinions but is not qualified to do so and

5

because the report is based on insufficient facts and data. Defendants' argument is not well-taken with regard to any purported legal conclusions reached by Ms. Eastridge. Plaintiff points out that because Ms. Eastridge's opinion was offered for the purpose of proving damages, she assumed that the allegations in Plaintiff's Complaint were true. (Doc. 43 at 4; see also Doc. 42 at 19). Ms. Eastridge stated that if those assumptions were changed, her opinions "may also be subject to change." (Doc. 42 at 19). Because Ms. Eastridge's report is submitted for the purposes of proving damages only, she does not make improper legal conclusions.

Defendants also argue that Ms. Eastridge's report relies on insufficient facts and data. However, in calculating damages, Ms. Eastridge has relied on sufficient facts, has sufficiently explained her data sets, and has notified Defendants of the documents that she used in formulating her opinion. Defendants may disagree with Ms. Eastridge's calculations, but these issues relate to the weight that Ms. Eastridge's testimony should be given, not the admissibility. Defendants can attack Ms. Eastridge's conclusions on cross-examination. Defendants' motion to strike on the basis of Rule 702 and Daubert must be denied.

IV.  **Conclusion**

Ms. Eastridge's expert testimony and report is admissible under Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 702. Accordingly, it is **HEREBY ORDERED AND ADJUDGED** that Defendants' Motion to Strike Expert Report and to Exclude Testimony and Opinions of Joyce H. Eastridge is **DENIED**. The Court **RESERVES RULING** on whether alternative sanctions are warranted.

**DONE** and **ORDERED** in Orlando, Florida, on May 8, 2014.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record