# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARIA ACOSTA,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No. 6:12-cv-985-Orl-28KRS**

**NOVAMED SURGERY CENTER OF ORLANDO, LLC, NOVAMED MANAGEMENT SERVICES, LLC,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

The Court held a Settlement Conference on September 26, 2014 in Plaintiff's Fair Labor Standards Act case. The parties reached a settlement of the FLSA claim for damages and attorney's fees as well as other issues between them. Doc. 92.

The Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

During the Settlement Conference the parties reached a resolution of the FLSA issues that remained and were set for trial to begin October 1, 2014. As part of the settlement, Plaintiff will receive $7,000 to resolve fully the FLSA overtime claim, half of which is for FLSA overtime, the other half of which is for liquidated damages. Plaintiff's counsel have agreed that the entire settlement will be paid to Plaintiff. The parties agree to waive any claim for costs or fees in this Court with respect to this FLSA claim and the other claims which were dismissed in the District Court's summary judgment order. Plaintiff's ability to appeal the dismissal from the summary judgment Order is preserved.

Settlement in the amount of **$7,000** to Plaintiff for FLSA overtime wages and liquidated damages, with Defendant's waiver of the right to fees and cost, and Plaintiff's ability to appeal the summary judgment Order preserved, is a fair and reasonable settlement in this case. It is respectfully **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal. If the parties have no objection to the Recommendation, they should file a notice stating their lack of objection.

Recommended in Orlando, Florida on September 29, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy